UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL TREVINO,

Plaintiff,

v. Case No. 2:21-cv-918-JES-NPM

KENNETH E. ANDREWS AND
STATE OF FLORIDA,

Defendants.

---

**OPINION AND ORDER**

Plaintiff Daniel Trevino ("Plaintiff") brings the instant action under 42 U.S.C. § 1983 essentially seeking to compel the State Attorney's Office to compare deoxyribonucleic acid (DNA) evidence found under the fingernails of the murder victim in his case with other DNA evidence currently in the possession of officials in the State of Washington. (Doc. 1). The matter is now before the Court on the defendants' Motion to Dismiss. (Doc. 11). Plaintiff has neither responded to the motion to dismiss nor amended his complaint, and the time to do so has passed.[1] Even so, the Court has carefully reviewed the allegations in the Complaint to determine whether Plaintiff has stated one or more

[1] Plaintiff had been advised that he "must timely respond to any motion" or "the Court will assume Plaintiff does not oppose the relief requested and decide the motion as if it is unopposed." (Doc. #3, p. 6, ¶9.) As to motions to dismiss, plaintiff was advised he must file a response or an amended complaint within 21 days. (Id. at ¶9(a).)

claims on which relief may be granted.

Upon careful consideration of the Complaint and pertinent law, the Court concludes that the Complaint must be dismissed without prejudice.

## I. The Complaint[2]

On July 18, 1996, Plaintiff was convicted of the first-degree murder of Michael Lovett. (Doc. 1 at 2, ¶ 1). Robert "Beto" Trevino (Beto Trevino) was Plaintiff's co-defendant for the murder of Michael Lovett, and Defendant Kenneth E. Andrews (ASA Andrews) was the Assistant State Attorney who prosecuted Plaintiff's trial. (Id. ¶¶ 1, 5.) Prior to the trial, ASA Andrews was aware that DNA found under Mr. Lovett's fingernails did not belong to Plaintiff. (Id. ¶ 2). The Collier County Coroner testified to this at the trial. (Id.)[3]

[2] Plaintiff offers relatively sparse factual allegations in his Complaint, making it difficult to discern the context of his claims. Therefore, the Court takes notice of its prior order on Plaintiff's 28 U.S.C. § 2254 habeas petition in Case Number 2:06-cv-41-JES-DNF at D.E. 39 (the "Habeas Order"). Fed R. Evid. 2.01(b)(2). The Court uses the Habeas Order only to provide background and context to Plaintiff's section 1983 Complaint. While the contents of the Habeas Order help clarify plaintiff's allegations here, nothing contained in the Habeas Order was necessary to the Court's conclusions.

[3] In a written order entered at the conclusion of the guilt phase of Plaintiff's death-penalty trial, the trial judge noted that Plaintiff and Beto Trevino were both arrested for the murder of Michael Lovett. (Habeas Order at 41). The court recognized that there was insufficient evidence to show that Plaintiff was the actual killer of Michael Lovett. (Id.) Instead, the "circumstantial evidence could equally sustain the conclusion that Daniel Trevino was aiding and abetting a felony in the course of

On October 3, 1998, Beto Trevino was murdered. (Doc. 1 at 2-3, ¶¶ 3, 5). After learning of Beto Trevino's death, Plaintiff filed a motion for postconviction relief in state court pursuant to Fla. R. Crim P. 3.850. (Id. at 3, ¶ 3).[4] Plaintiff also filed three subsequent postconviction motions pursuant to Fla. R. Crim. P. 3.853[5] seeking to have DNA from under the fingernails of the victim compared with the DNA of "Beto Trevino, as maintained in the CODIS of Washington State." (Id. at 3, 4, ¶¶ 4, 8). The last such postconviction motion was denied by the circuit court and affirmed on appeal on May 2, 2019. (Id. at 3, ¶¶ 4, 6).

Plaintiff asserts that he "has never ceased" his attempts to acquire the DNA information from Washington State but was informed that he must have a Florida State Agency request the DNA. (Doc. 1 at 3, ¶ 6). Plaintiff asked Florida law enforcement investigators to obtain the evidence, but they either ignored or

---

which a murder was committed by others but he himself did not kill, attempt to kill, or intend that a killing take place[.]" (Id.)

[4] In his postconviction motion, Plaintiff argued that defense counsel should have had the DNA tested (and compared to Beto Trevino's DNA) prior to trial. In rejecting the claim, the postconviction court explained that "the Defendant's presence at the crime scene was established by his statements to law enforcement. The fact that Beto and the victim may have struggled does not affect the Defendant's culpability in this case." (Habeas Order at 35-36).

[5] Florida provides a statutory method for obtaining postconviction DNA testing, Fla. Stat. § 925.11 and 925.12, and Fla. R. Cr. P. 3.853 sets forth the procedures for obtaining such testing.

refused his requests. (Id.) Plaintiff asserts that ASA Andrews "refuses to exercise obligations of his office . . . to have the DNA in Plaintiff's case compared with the DNA . . . being held in the CODIS of Washington State[.]" (Doc. 1 at 3, ¶ 5). Plaintiff asserts that the DNA recovered from under the fingernails of the victim will match the DNA of Beto Trevino which is maintained by Washington State. (Id. at ¶8)

Plaintiff asserts three federal claims and seeks declaratory relief. Plaintiff asserts that ASA Andrews' refusal to facilitate the comparison of the DNA (1) violates equal protection, (2) violates the Eighth Amendment, and (3) violates due process. Plaintiff also asks the court for a declaratory judgment determining "whether the United States Constitution requires the testing of the DNA . . . per the 5th, 8th, and 14th Amendments to the U.S. Constitution." (Doc. # 1 at 6-7, ¶ 16).

Defendants filed a motion to dismiss based on six separate grounds. They assert that: (1) Plaintiff's claims are barred by the Rooker-Feldman doctrine; (2) Plaintiff's claims are barred by the statute of limitations; (3) Defendant Andrews is entitled to prosecutorial immunity; (4) Plaintiff's claims are barred by qualified immunity; (5) Plaintiff's claims are barred by Eleventh Amendment immunity; and (6) Plaintiff fails to state a claim for relief. (Doc. 11).

**II. Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially

plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A complaint filed *pro se* must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Discussion

### A. Subject Matter Jurisdiction

The Court first addresses the jurisdictional issue raised by defendants. Defendants argue that this court lacks jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine because the claims raise issues which would generally be presented on direct appeal of a criminal conviction. (Doc. 11 at 4). Defendants rely primarily on Alvarez v. Att'y Gen. for Fla., 679 F. 3d 1257, 1262 (11th Cir. 2012). Defendants assert: "As framed in Plaintiff's Complaint, Plaintiff requests this Court to intervene in a closed state criminal proceedings and question the finality of his conviction. This Court lacks jurisdiction to enter an order instructing a state court to re-open a closed case and conduct DNA testing, as this would ultimately require this Court to review the decision of a state court." (Doc. 11 at 4-5.)

The Rooker-Feldman doctrine bars federal district courts from reviewing state-court decisions. Behr v. Campbell, 8 F.4th 1206, 1208 (11th Cir. 2021). The scope of the doctrine is narrow, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In Behr, the Eleventh Circuit warned that "district courts should keep one thing in mind when Rooker-Feldman is raised: it will almost never apply." Id. at 1212.

In Skinner v. Switzer, 562 U.S. 521 (2011) a convicted state prisoner seeking DNA testing of crime-scene evidence challenged the Texas postconviction DNA statute in a civil rights action under 42 U.S.C. § 1983, asserting that the statute "as construed" by the Texas courts denied him procedural due process. The Supreme Court rejected a claimed Rooker-Feldman bar: "If a federal plaintiff 'present[s][an] independent claim,'" it is not an impediment to the exercise of federal jurisdiction that the "same or a related question" was earlier aired between the parties in state court." Id. at 532. Skinner did not challenge the adverse court decisions but challenged the constitutionality of the Texas statute they authoritatively construed. "[A] state-court decision is not

reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." Id. at 532. The Court found "Skinner has properly invoked § 1983. Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction. While test results might prove exculpatory, that outcome is hardly inevitable; . . ." Id. at 534.

In Alvarez, the Eleventh Circuit held that a plaintiff proceeding under section 1983 who had unsuccessfully sought DNA analysis in state court is barred from claiming that the state officials violated his right to procedural due process by denying the request. 679 F.3d at 1260, 1262. The Alvarez court held that the Rooker-Feldman doctrine applies to a prisoner's section 1983 claim that a state court misapplied its own DNA access procedures because success on the prisoner's claim would "effectively nullify" the state court's judgment. Alvarez, 679 F.3d at 1264.

Here, the Complaint does not invite federal court review and reversal of the state court decisions. Plaintiff does not challenge his underlying conviction (yet), the Florida statute, or the rulings of the state court on his multiple postconviction motions. Rather, petitioner asserts he has valid constitutional right to DNA evidence under the circumstances of his case pursuant to § 1983. Federal courts routinely handle this type of claim.

While the claims may not be viable, dismissal under the Rooker-Feldman doctrine is not warranted.

**B. First Cause of Action**

In his first cause of action, Plaintiff asserts that ASA Andrews is aware of the DNA evidence available in Washington State but refuses to acquire it; this refusal is a deliberate decision to prevent Plaintiff from obtaining the DNA evidence; and Plaintiff needs the DNA evidence from Washington State because it would form a basis for a "viable" postconviction motion that may result in his acquittal and/or a ground for clemency. (Doc. 1 at 5, ¶¶ 9–11). ASA Andrews' refusal to acquire the DNA for comparison is said to constitute a violation of "equal protection resulting from a pattern of refusal to produce such evidence, once conviction has been obtained." (Id. ¶12.)

The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying people the equal protection of the laws, which means "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quotation marks omitted). To state an equal protection claim, a plaintiff must show (1) that he is similarly situated to others who have received more favorable treatment and (2) that the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected interest. Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311,

1318–19 (11th Cir. 2006). Even liberally construed, Plaintiff's first cause of action does not plausibly state any of the elements of an equal protection claim.

The Court also liberally construes the first cause of action as a claim asserting that the state has deprived him of his constitutional right of access to the courts by denying him access to the DNA evidence. Such a claim, however, is foreclosed by Eleventh Circuit and Supreme Court precedent.

To show a violation of the constitutional right of access to the courts, a prisoner must show an actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Cunningham v. District Attorney's Office, Escambia Co., 592 F.3d 1237, 1271 (11th Cir. 2010). To show actual injury, Plaintiff must have "'a colorable underlying claim for which he seeks relief.'" Alvarez, 679 F.3d at 1266. Plaintiff admits that he has attempted (albeit unsuccessfully) to obtain the DNA from Washington through state procedures. Plaintiff does not show (or even allege) that those procedures were inadequate—rather, he complains that they did not result in the outcome he wanted. See Osborne, 557 U.S. at 73 (recognizing that it is the plaintiff's "burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief.") Plaintiff cannot demonstrate here that he suffered an actual injury because he has not been prevented from lodging this same cause of action in a court of law. Alvarez,

679 F.3d at 1267 (finding that Alvarez could not raise a colorable claim that he was deprived of access to the courts by state action because the State's out-of-court refusal to provide DNA testing did not prevent Alvarez from seeking release of the evidence in state court (which he did)). Plaintiff's First Cause of Action must be dismissed for failure to plausibly state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**C. Second Cause of Action**

Plaintiff's Second Cause of Action asserts that ASA Andrews' failure to obtain the DNA comparison violates his Eighth Amendment right to be free from cruel and unusual punishment, presumably because it would subject him to life in prison, even if access to a DNA comparison would exonerate him. (Doc. 1 at 5-6, ¶¶ 13-14). However, in Alvarez the Eleventh Circuit explained that Osborne precludes an Eighth Amendment claim:

> One of the main reasons underlying the decision in Osborne is that it should be primarily up to the state and federal legislatures to fashion procedures that balance the powerful exonerating potential of DNA evidence with the need for maintaining the existing criminal justice framework and the finality of convictions and sentences. For us to sweep aside Florida's established procedures and constitutionalize a right to access evidence for DNA testing under the Sixth or Eighth Amendments would squarely conflict with the Supreme Court's explicit rejection of an invitation to suddenly constitutionalize this area. We can discern no conceivable basis in this case, nor has Alvarez provided us with one, for attempting an end-run around the Osborne holding under the cloak of the Sixth or Eighth Amendments.

Alvarez, 679 F.3d at 1265 (internal citations and quotation marks omitted). This Court applies the same reasoning and concludes that Plaintiff has not stated an Eighth Amendment claim based on the refusal to compare the DNA found under the victim's fingernails to that of Beto Trevino. Plaintiff's Second Cause of Action is dismissed for failure to plausibly state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiff's argument about executive clemency fares no better. The Supreme Court has held that there is no federal constitutional right to executive clemency. See Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981) (recognizing that a convicted prisoner has no constitutional right to release before the expiration of a valid sentence). Thus, executive clemency "cannot be a basis for an access to courts claim." Cunningham v. Dist. Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1272 (11th Cir. 2010). And Plaintiff's clemency claim is also subject to dismissal for failure to plausibly state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**D. Third Cause of Action**

Plaintiff's Third Cause of Action asserts that ASA Andrews' intentional decision not to order comparison of the DNA deprives him of due process of law. (Doc. 1 at 6, ¶ 15). The Supreme Court has "made it abundantly clear that there is no *freestanding* constitutional right to access evidence for DNA testing" and that

"the federal courts may only upset a state's postconviction DNA access procedures if they are fundamentally inadequate to vindicate substantive rights." Alvarez, 679 F.3d at 1258-59 (emphasis in original); see also D.A. Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 73 (2009) (concluding that the Supreme Court was "reluctant to enlist the Federal Judiciary in creating a new constitutional code of rules for handling DNA"). Thus, there is no substantive due process right to obtain evidence for postconviction DNA testing purposes. Id. at 72-74. Plaintiff's Third Cause of Action must be dismissed for failure to plausibly state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**E. Declaratory Relief**

Plaintiff seeks a declaratory judgment stating that he is entitled to a comparison of the DNA evidence pursuant to the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. But as set forth above, the Complaint makes no plausible showing that he is entitled to such a declaration. The requested declaratory relief is dismissed for failure to plausibly state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## IV. Conclusion

Plaintiff has not stated a claim on which relief may be granted, and his complaint is subject to dismissal under Rule

12(b)(6) of the Federal Rules of Civil Procedure.[6] Generally, a plaintiff proceeding *pro se* must receive at least one opportunity to amend the complaint if he might be able to state a claim by doing so. Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291-92 (11th Cir. 2018).

Given the Eleventh Circuit's conclusion that Florida's DNA access procedures are constitutional, see Alvarez, 679 F.3d at 1266 n.2, and given that Plaintiff was able to file a state petition under Rule 3.853 of the Florida Rules of Criminal Procedure seeking the DNA at issue here (Doc. 1 at 3), it appears unlikely that Plaintiff will be able to state a cognizable section 1983 claim in an amended complaint. Nevertheless, Plaintiff may amend his complaint to clarify the substance of his claims, demonstrate that he did not receive the procedural process he was due, and show how the DNA testing would exonerate him of the offenses or mitigate his sentence.

Additionally, the Court notes that Plaintiff has named both former Assistant State Attorney Kenneth E. Andrews and the State of Florida as defendants. It is not clear that the state has been separately served with process, and there is no need to do so at

---

[6] Defendant Andrews also argues that Plaintiff's claims are barred by the statute of limitations and asserts multiple immunities to any claim for damages. (Doc. 11 at 5–10). Because Plaintiff's claims are dismissed, the Court need not address these arguments until and unless Plaintiff files an amended complaint.

this point because all claims are dismissed. However, cases analyzing DNA testing claims under § 1983 are construed as actions against the custodians of the evidence—generally, the current State Attorney in his or her official capacity. See Skinner, 562 U.S. at 1295 (stating that Skinner named as the defendant "the District Attorney whose office prosecuted Skinner and has custody of the evidence Skinner would like to have DNA tested"); Alvarez, 679 F.3d at 1257 (bringing claim against the State Attorney for the Eighteenth Judicial Circuit and the Attorney General of the State of Florida); Caldwell v. McCabe, No. 8:11-cv-841-T-23AEP, 2013 WL 5532751 (M.D. Fla. Oct. 7, 2013) (bringing DNA-testing claim against the State Attorney for the Sixth Judicial Circuit Court). Thus, if Plaintiff files an amended complaint, he should ensure that he names and serves the custodian of the DNA as the proper defendant—in this case the current State Attorney for the Twentieth Judicial Circuit in and for Collier County, Florida in her official capacity.

Accordingly, it is now **ORDERED:**

1. The Defendants' Motion to Dismiss (Doc. 11) is **GRANTED** to the extent set forth above.

2. The Complaint filed by Daniel Trevino (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6) Of the Federal Rules of Civil Procedure as to both Defendant Kenneth E. Andrews and the State of Florida.

3. Plaintiff may file an amended complaint against the State Attorney for the Twentieth Judicial Circuit in and for Collier County, Florida in her official capacity within **thirty (30) days** of the date of this Opinion and Order. If Plaintiff does not timely file an amended complaint, the Court will dismiss this action without further notice for failure to prosecute.[7]

**DONE AND ORDERED** at Fort Myers, Florida, this 3rd day of April 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to: Daniel Trevino, Counsel of Record

[7] **Notice to Plaintiff.** Plaintiff must also effectuate service of process on the State Attorney for the Twentieth Judicial Circuit in and for Collier County, Florida. If the defendant is not served within 90 days of Plaintiff's amended complaint (or Plaintiff does not provide good cause for his failure to do so) this action will be dismissed without further notice under Rule 4(m) of the Federal Rules of Civil Procedure.